NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KYLE J. RYAN (Cal. Bar No. 294550)
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3159
    Facsimile: (213) 894-0141
    E-mail:    kyle.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 18-152-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ERNESTO GIL-CAMACHO; SUGGESTED STATEMENT OF SENTENCE |
| v. | |
| ERNESTO GIL-CAMACHO,<br>  aka "Israel David Torres-Pimental,"<br>  aka "David Perez,"<br>  aka "David Pimental,"<br>  aka "Francisco Perlato Jimenez,"<br>  aka "Mario Lopez,"<br>  aka "David Guzman Perez,"<br>  aka "Jesus Reyes Reyes,"<br>        Defendant. | Sentencing Date: 9/10/2018<br>Sentencing Time: 10:00 a.m.<br>Location: Courtroom of the Hon. Phillip S. Gutierrez |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Kyle J. Ryan, hereby files its sentencing position relating to defendant ERNESTO GIL-CAMACHO.

///

///

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the plea agreement, the Modified Presentence Investigation Report ("PSR"), and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: August 26, 2018                Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


        /s/
_____
KYLE J. RYAN
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This case stems from the unlawful reentry into the United States following deportation of defendant ERNESTO GIL-CAMACHO ("defendant"), in violation of 8 U.S.C. §§ 1326(a), (b)(1).  The parties have entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to resolve this matter under the United States Attorney's Office's Illegal Re-entry Fast Track Program.  Pursuant to the plea agreement, defendant pleaded guilty to a single-count information charging a violation of 8 U.S.C. §§ 1326(a) and (b)(1), Illegal Alien Found in the United States Following Deportation, and the parties have agreed that a sentence at the low end of the Guidelines range is appropriate in this case, assuming Criminal History Category V, taking into account the factors listed in 18 U.S.C. § 3553(a) and the benefits and obligations of the Fast Track Program plea agreement.

By agreeing to resolution under the Fast Track Program, defendant has conferred benefits upon the government, including: (1) a waiver of the right to indictment; (2) a waiver of the right to litigate most challenges pre-trial or at sentencing; (3) a quick and efficient guilty plea and sentencing in this case; and (4) a waiver of the right to appeal the conviction and sentence, with certain exceptions, if the Court imposes the agreed-upon sentence. In acknowledgement of those benefits, and balancing them against aggravating factors such as defendant's criminal history and history of deportation, the plea agreement contemplates a two-level early disposition program departure and a sentence at the low end of the resulting sentencing guidelines range.  Additionally, the parties

have agreed to a three-year period of supervised release, which would provide an added measure of deterrence and protection that is warranted based on the particular facts and circumstances of this case.

Based upon all of these factors, the calculations set forth in the PSR, and the appropriate sentencing considerations under 18 U.S.C. Section 3553(a), the government respectfully recommends, as is consistent with the plea agreement, that the Court impose the following sentence: (1) a term of imprisonment of 21 months; (2) a three-year period of supervised release, pursuant to U.S.S.G. §§ 5D1.1 and 5D1.2(b); and (3) a $100.00 special assessment.

**II.   BACKGROUND AND SENTENCING GUIDELINES CALCULATIONS**

At his change of plea hearing, defendant admitted the following facts:

Defendant is an alien, that is, not a natural-born or naturalized citizen, or national, of the United States.

On or about October 18, 2001, defendant was convicted of a felony, namely, Receiving Stolen Property, in violation of California Penal Code Section 496D(a), in the Superior Court of the State of California, County of San Bernardino, Case Number FVI014065, for which defendant was sentenced to 16 months' imprisonment.

On or about September 12, 2003, defendant was convicted of a felony, namely, Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of San Bernardino, Case Number FWV028568, for which defendant was sentenced to 16 months' imprisonment.

On or about September 12, 2005, defendant was convicted of a felony, namely, Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number KA072232, for which defendant was sentenced to 16 months' imprisonment.

Defendant was lawfully deported or removed from the United States on or about July 27, 2001, December 12, 2002, December 28, 2002, April 28, 2004, May 24, 2006, September 11, 2009, June 9, 2010, November 16, 2010, July 8, 2012, October 15, 2013, and March 11, 2015.  Subsequent to defendant's most recent deportation or removal, in or about July 2016, defendant knowingly and voluntarily re-entered and thereafter remained in the United States.  Defendant did so without the consent of the Attorney General or the Secretary of Homeland Security, or of any authorized representative of either official, to reapply for admission or to otherwise re-enter and remain in the United States.  After defendant re-entered and remained in the United States, on or about April 28, 2018, immigration authorities found defendant in San Bernardino County, within the Central District of California.  Defendant was found by immigration authorities after he had physically crossed the border of the United States.

On August 6, 2018, the United States Probation Office ("USPO") disclosed a PSR for defendant, calculating a criminal history category of V based on 12 criminal history points.  (PSR ¶¶ 19-20.) The government concurs with the USPO's criminal history calculation and agrees that defendant's criminal history yields a criminal history category of V.

Pursuant to the terms of the binding plea agreement filed in this case, the parties have stipulated to a total offense level of 10 based on the following calculation: a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a), plus a six-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)(C) for a felony conviction after defendant's first deportation or removal, for which the sentence imposed exceeded 13 months, minus two levels for acceptance of responsibility under U.S.S.G. § 3E1.1, and minus two levels pursuant to a downward departure for early disposition under U.S.S.G. § 5K3.1.

The parties have agreed that an appropriate sentence for defendant is one including a sentence of imprisonment at the low end of the range determined by this total offense level and defendant's criminal history category without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3. The parties have further agreed not to seek, argue, or suggest that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed.

**III. ARGUMENT**

    **A.   GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on a total offense level of 10 and a criminal history category of V, the resulting advisory range is 21 to 27 months. (PSR ¶ 29; U.S.S.G. Ch. 5. Pt. A.) The government respectfully recommends, as is consistent with the binding plea agreement, that the Court impose a sentence of 21 months, followed by a three-year period of supervised release subject to certain conditions to which the parties previously agreed, and a special assessment of $100.

A sentence of 21 months is appropriate, reasonable, and not greater than necessary, in light of all the factors the Court must consider under 18 U.S.C. § 3553(a). That sentence reflects the seriousness of defendant's crime of illegally re-entering the United States following deportation, as well as his other criminal history (PSR ¶¶ 9-18), and is sufficient to deter future criminal conduct and illegal re-entry into the United States.

These concerns, however, must be balanced against the mitigating factors in this case, particularly the early and efficient resolution of this case under the Fast Track Program. Defendant's early acceptance of responsibility and acknowledgment of guilt not only result in a benefit to the government and the judicial system by promoting finality and reducing the resources that must be devoted to this case, but also diminish somewhat the likelihood of recidivism. For these reasons, the government has agreed to recommend an early disposition departure and a sentence of 21 months, followed by a three-year term of supervised release.

This sentence would also serve to promote respect for the immigration and criminal laws, deter defendant and others from illegally re-entering the United States, and protect the public from future crimes by this defendant. Such sentence is consistent with sentences that will be received by other section 1326 offenders in this District under the Guidelines who qualify for early disposition, thus avoiding unwarranted sentencing disparities. Accordingly, the government respectfully recommends, as the parties stipulated in the Rule 11(c)(1)(C) plea agreement, that the Court impose a low-end sentence of 21 months' imprisonment.

### B. IMPOSITION OF SUPERVISED RELEASE

The Sentencing Guidelines advise that sentencing courts ordinarily should not impose a term of supervised release for aliens who are likely to be deported after a period of imprisonment. U.S.S.G. § 5D1.1(c). The commentary provides that "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1, comment. (n.5). In this case, defendant will likely be deported following his term of imprisonment. However, for the following reasons, the government urges the Court to impose a three-year term of supervised release, as the parties stipulated in the binding plea agreement.

District courts have wide latitude in imposing conditions of supervised release. United States v. Blinkinsop, 606 F.3d 1110, 1118 (9th Cir. 2010); United States v. Weber, 451 F.3d 552, 557 (9th Cir. 2006). A sentencing court even has broad discretion to impose conditions of supervised release in addition to those mandated by statute. 18 U.S.C. § 3583(d) (district court may impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate.").[1] The Sentencing Guidelines, tracking the language of 18 U.S.C. Section 3553(a) concerning imposition of sentence, recognize this broad discretion:

> The [district] court may impose other conditions of
> supervised release to the extent that such conditions are

---

[1] Indeed, 18 U.S.C. § 3583(d) contemplates that supervision may be imposed for a "an alien defendant [who] is subject to deportation." 18 U.S.C. § 3583(d).

6

> (1) reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
> (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

In this case, a three-year term of supervised release is specified in the binding plea agreement, and the parties' bargain should be honored. (Plea Agreement, ¶ 13). The imposition of supervised release would provide an "added measure of deterrence and protection," that is warranted under the facts of this case. See U.S.S.G. § 5D1.1, comment. (n.5). First, in light of defendant's prior deportations (PSR ¶ 4), the imposition of a three-year supervised release term would provide a needed additional incentive for defendant to refrain from unlawfully returning to the United States. If defendant were unlawfully to re-enter, the terms of defendant's supervised release could be deemed violated, regardless of whether the government sought another section 1326 prosecution. Second, the Court should also order a three-year term of supervised release because of defendant's criminal history. (PSR ¶¶ 9-18.) See U.S.S.G. § 5D1.1, comment. (n.3 (A), (B)) (noting factors to be

considered in determining whether to impose a term of supervised release and stating that "[t]he court should give particular consideration to the defendant's criminal history (which is one aspect of the 'history and characteristics of the defendant'")).

The imposition of supervised release is thus appropriate in this case to effectively protect the public from any future crimes of defendant.  There would be no greater deprivation of liberty than necessary, and no undue expenditure of USPO resources, because there would be no reporting requirement for defendant unless he actually returned to the United States.

Since the Sentencing Guidelines are advisory only, and in light of the broad discretion afforded the Court in this area, the government recommends that the Court find, consistent with the commentary to section 5D1.1, that supervised release is appropriate under the facts and circumstances of this case.  See United States v. Apodaca, 641 F.3d 1077, 1081 (9th Cir. 2011) (Sentencing Guidelines for supervised release are advisory only); Blinkinsop, 606 F.3d at 1118; Weber, 451 F.3d at 557.  Accordingly, in addition to a sentence of 21 months' imprisonment, this Court should impose a three-year term of supervised release.

**IV. CONCLUSION**

The government thus respectfully recommends, as is consistent with the binding plea agreement, that the Court impose a sentence of 21 months, followed by a three-year period of supervised release, and a mandatory special assessment of $100.

The government provides for the Court's consideration the attached statement of sentence.

8

SUGGESTED STATEMENT OF SENTENCE

Based upon the parties' stipulations in the binding plea agreement, as well as the Presentence Report prepared by the United States Probation Office in this matter, the Court finds that the information in the record is sufficient for the Court meaningfully to exercise its sentencing authority pursuant to 18 U.S.C. § 3553.

It is ordered that defendant shall pay to the United States a special assessment of $100, which is due immediately.  Any unpaid balance shall be paid at $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as it is found that defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that defendant ERNESTO GIL-CAMACHO is hereby committed on the single-count information to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months.

Upon release from imprisonment, defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. Defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318 or 05-02, with the exception of Conditions 5, 6, and 14 of that order;
2. Defendant shall not commit another federal, state, or local crime;
3. Defendant shall refrain from any unlawful use of a controlled substance.  As directed by the Probation

        Officer, defendant shall submit to one drug test within 15 days of release from imprisonment.  Thereafter, defendant shall also submit to periodic drug testing as directed by the Probation Officer, not to exceed eight drug tests per month;

4. Defendant shall comply with the immigration rules and regulations of the United States, and when deported from this country, either voluntarily or involuntarily, not re-enter the United States illegally.  Defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any re-entry to the United States during the period of Court-ordered supervision, defendant shall report for instructions to the U.S. Probation Office;

5. Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than defendant's true legal name, without the prior written approval of the Probation Officer; nor shall defendant use, for any purpose or in any manner, any name other than his true legal name; and

6. Defendant shall cooperate in the collection of a DNA sample from defendant.

Having carefully considered Section 5D1.1(c) of the Guidelines and the accompanying commentary, the Court finds that a term of supervised release is appropriate in this case for the reasons set forth by the government.  The Court further finds that the duration,

2

terms, and conditions of supervised release ordered herein are reasonably related to the history and characteristics of defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of defendant.  The Court also finds that the duration, terms, and conditions of supervised release ordered herein involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above, and are consistent with any pertinent policy statements issued by the Sentencing Commission.

After considering the aggravating and mitigating circumstances discussed by the parties and the Probation Officer, the Court finds the entire sentence as stated to be reasonable and appropriate given consideration of the factors set forth in 18 U.S.C. § 3553, including: under factor (a)(1), defendant's history of committing a crime in the United States and then returning illegally to the United States following deportation; under factor (a)(2)(A), the need for the sentence to promote respect for the laws and sufficiently and justly punish defendant for this serious offense; under factor (a)(2)(B), the need for the sentence to impress upon defendant and others the seriousness of his offense of illegally returning to the United States and deter him, specifically, and others, generally, from returning illegally;  under factor (a)(2)(C), the need for the sentence and defendant's anticipated subsequent deportation to protect the public from further crimes of defendant; and under factor (a)(6), the need to avoid unwarranted sentencing disparities with other similarly situated defendants convicted under the United States Attorney's Office's Illegal Re-entry Fast Track Program.  The Court also considered mitigating

3

factors in this case, particularly defendant's guilty plea pursuant to the fast track early disposition program and the resulting benefits to the government and judicial system, including the efficient use of the resources of this Court, the United States Probation Office, and the government.

Also in its consideration, the Court has evaluated the Sentencing Guidelines as required by 18 U.S.C. § 3553(a)(4), and finds the calculations of the suggested sentence therein for this defendant under the present circumstances to be reasonable.

The Court will therefore sentence defendant as previously stated, which is in accordance with the binding plea agreement entered into by the parties under Fed. R. Crim. P. 11(c)(1)(C).

It is so ordered.